Jeffrey W. ELLIOTT and Preserve Appalachian Wilderness, Plaintiffs,

v.

The UNITED STATES FISH AND WILDLIFE SERVICE and Ronald E. Lambertson, in his capacity as Regional Director of the U.S. Fish and Wildlife Service, Defendants.

Civ. A. No. 90–263.

United States District Court, D. Vermont.

July 19, 1991.

Cindy Hill Couture, Couture and Hill, Northampton, Mass., for plaintiffs.

Helen Toor, Asst. U.S. Atty., Burlington, Vt., for defendants.

## OPINION AND ORDER

PARKER, District Judge.

Plaintiffs filed this action to enjoin the United States Fish and Wildlife Service from introducing chemical lampricides into the waters feeding into Lake Champlain. This court denied plaintiffs' motion for a preliminary injunction in an opinion issued on October 2, 1990 and reported at 747 F.Supp. 1094. The relevant factual background and statutory scheme are set forth at some length in that opinion and familiarity with them is assumed here.

Plaintiffs have now amended their complaint and have withdrawn claims alleging violations of the Clean Water Act and the Vermont and New York State Endangered Species Acts, as well as state common law breach of public trust and breach of fiduciary duty claims. Remaining in the complaint are the following causes of action:

(1) violations of National Environmental Policy Act (NEPA). Specifically, plaintiffs assert that the Final Environmental Impact Statement (FEIS) fails to adequately consider the following matters that it is statutorily bound to consider: reasonable alternatives to the lampricide program; unavoidable adverse environmental effects; the relationship between short-term and long-term impacts; irreversible and irretrievable commitments of resources; public comments to the Draft EIS; and comments submitted by the Environmental Protection Agency (EPA) on the Final EIS. Plaintiffs also complain that the federal Fish & Wildlife Service unlawfully delegated authority for preparation of parts of the EIS to state agencies.

(2) federal common law breach of public trust and breach of fiduciary duty to protect the waters and the fish and wildlife of the Lake region.

(3) the Service's program to control the lamprey in Lake Champlain exceeds the agency's statutory authority.

Defendants move for summary judgment on the NEPA claims, arguing that the

agency has fully complied with NEPA requirements. Numerous affidavits and exhibits are submitted in support of this contention. Plaintiffs concede there is no genuine issue of material fact on the NEPA claims, arguing that the exhibits show on their face that NEPA procedures have not been followed; they accordingly move for summary judgment in their favor on the NEPA issues. As to the common law claims, defendants move for dismissal for failure to state a claim, on the ground that the "trust" doctrines are preempted by statute to the extent they are applicable at all. Dismissal is also urged as to the scope of statutory authority claim on the ground that the statutes give broad authorization to the Service to control lampreys.[1] Oral argument was held on the pending motions on July 17, 1991. The court rules in favor of defendants in all respects.

■ Plaintiffs' common law causes of action fail to state a claim because, even assuming that private citizens have standing to challenge a federal agency's actions under the common law theories asserted by plaintiffs, the subject matter is entirely preempted by the federal statutes at issue. In recent legislation, for example, Congress specifically authorized the U.S. Fish and Wildlife Service "to carry out activities related to ... controlling sea lampreys" in the Lake Champlain basin. Lake Champlain Special Designation Act of 1990, Pub.L. No. 101–596, § 304(c)(2), 104 Stat. 3008, *reprinted at* 33 U.S.C.S. § 1270 note (Supp.1991). In light of this congressional authorization as well as the procedural safeguards for citizens found in NEPA, see 42 U.S.C. § 4332, it is not for the judiciary to substitute its own view of the public good. See *Committee for Consideration of Jones Falls Sewage System v. Train,* 539 F.2d 1006, 1009 (4th Cir.1976).

■ Plaintiffs' claim that the lampricide project exceeds the agency's statutory authority similarly does not survive the motion to dismiss. The Act cited above explicitly empowers the Service to take the sorts of actions under challenge here. Plaintiffs take issue with Congress's apparent assumption in Public Law No. 101–596 that the sea lamprey is a non-indigenous species to Lake Champlain, but, whether right or wrong in its factual premises, Congress gave unmistakable and broad authority to the Service to control the population of lampreys in the lake.

■ Finally, the court has reviewed the FEIS and other relevant material, and concludes that the Service complied with NEPA procedures and requirements.

All the public comments received on the DEIS are reprinted in the FEIS with the Service's responses. Included is a response to a November 30, 1989 letter from the EPA. Several changes and additions were made to the EIS as a result of the EPA comments. A month after publication of the FEIS, the EPA submitted another letter, on September 10, 1990, making clear it still objected to certain aspects of the project. This letter was received by FAX the evening of the final day of the thirty-day period required between issuance of the FEIS and final decision on the project. Officials in charge have submitted affidavits saying they considered this letter and determined that it raised no concerns that had not been previously addressed. They chose, however, not to adopt all the suggestions of the EPA administrator, particularly as to provision of bottled drinking water to all affected riparian landowners. The plan they did adopt was approved by New York and Vermont Departments of Health.

The several items mentioned in the complaint as inadequately addressed in the FEIS are all in fact addressed at various places in that document in rational terms and in sufficient detail. Plaintiffs of course disagree with the conclusions the agency reached—but that is irrelevant to a reviewing court, so long as the agency's decisions and conclusions are not arbitrary or capricious. See *Marsh v. Oregon Natu-*

---

1. Defendants initially challenged plaintiffs' standing to bring the suit but did not press this claim at oral argument in light of plaintiffs' amended complaint, which contains sufficiently specific allegations of Jeffrey Elliott's personal use of the region to meet the standing requirements of *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

*ral Resources Council,* 490 U.S. 360, 377, 109 S.Ct. 1851, 1860–61, 104 L.Ed.2d 377 (1989).

There is no basis in law for the claim that the federal agency improperly delegated some of the work involved in preparing the EIS to state agencies. Federal regulations permit state or local agencies to "act as joint lead agencies" in preparation of the EIS. 40 C.F.R. § 1501.5(b).

Defendants' motion to dismiss and for summary judgment (Paper # 17 in the Court's docket) is GRANTED. Plaintiffs' cross-motion for summary judgment (Paper # 24) is DENIED.